

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| FRANK JOSEPH | § | |
| | § | |
| V. | § | A-17-CV-1060-SS |
| | § | |
| LORIE DAVIS | § | |

## ORDER

Before the Court is Petitioner Frank Joseph's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1). Petitioner, proceeding pro se, has been granted leave to proceed in forma pauperis. For the reasons set forth below, Petitioner's application is dismissed as time-barred.

## I. STATEMENT OF THE CASE

### A. Petitioner's Criminal History

In 2005, a jury convicted appellant of aggravated sexual assault of a child and indecency with a child by sexual contact for sexually abusing two young girls who attended the day care operated by Petitioner's wife in their home. *See Joseph v. State*, Nos. 03–05–00433-CR & 03–05–00434–CR, 2007 WL 283030, at *1 (Tex. App.–Austin Jan. 31, 2007, pet. ref'd) (mem. op., not designated for publication). The Third Court of Appeals affirmed the convictions. *Id.* at *4. The Texas Court of Criminal Appeals refused Petitioner's petition for discretionary review on August 22, 2007.

Petitioner also challenged his convictions in two state applications for habeas corpus relief. Petitioner does not indicate the date he filed his applications. However, they were denied without written order on September 24, 2008. *Ex parte Joseph*, Appl. No. 70,629-01, -02.

On March 24, 2016, Petitioner filed a motion requesting post-conviction DNA testing pursuant to Chapter 64 of the Code of Criminal Procedure. The trial court denied the motion on May 17, 2016. The Third Court of Appeals affirmed the denial on August 9, 2017. *Joseph v. State*, No. 03-16-0040-CR and 03-16-00405-CR, 2017 WL 3471038 (Tex. App. – Austin Aug. 9, 2017, no pet.).

**B.    Petitioner's Grounds for Relief**

Petitioner asserts the trial court erred in multiple grounds for relief.

## II.  DISCUSSION AND ANALYSIS

**A.    Statute of Limitations**

Federal law establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

B.  **Application**

Petitioner's convictions became final on November 20, 2007, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. *See* SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

Petitioner does not indicate the date he filed his state applications for habeas corpus relief. They were denied without written order on September 24, 2008. Even if this Court were to toll the limitations period until the Texas Court of Criminal Appeals denied Petitioner's state applications, Petitioner's federal application would still be time-barred. Petitioner did not file his federal application for habeas corpus relief until approximately November 3, 2017, more than eight years after the limitations period had expired. Petitioner's motion requesting post-conviction DNA testing did not operate to toll the limitations period, because it was filed March 24, 2016, after the limitations period had expired.

Petitioner alleges no facts showing any equitable basis exists for excusing his failure to timely file his federal habeas corpus application. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) ("a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."). In addition, the record does not reflect any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown he did not know the factual predicate of his claims earlier. Finally, the

claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

Petitioner also has not shown he was actually innocent under the standard in *Schlup v. Delo*, 513 U.S. 298, 329 (1995). A habeas petitioner, who seeks to surmount a procedural default through a showing of "actual innocence," must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *See Schlup*, 513 U.S. at 326–27 (1995); *see also House v. Bell*, 547 U.S. 518 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under *Schlup*). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. *Bousely v. United States*, 523 U.S. 614, 623–624 (1998).

### III. CONCLUSION

Petitioner's application for writ of habeas corpus is dismissed as time-barred.

### IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. *Id.* § 2253(c)(2). The Supreme Court fully explained the

4

requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*

When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id.*

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, the Court shall not issue a certificate of appealability.

It is therefore **ORDERED** that the Application for Writ of Habeas Corpus (DE 1) is **DISMISSED WITH PREJUDICE** as time-barred.

It is further **ORDERED** that a certificate of appealability is **DENIED**.

SIGNED this __18th__ day of December 2017.

                                            SAM SPARKS
                                            UNITED STATES DISTRICT JUDGE